# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARCELL WILLIAMS,

    *Plaintiff*,

vs.

COLLINS*, et al.*

    *Defendants*.

3:13-cv-00589-RCJ-VPC

ORDER

    This *pro se* prisoner civil rights suit comes before the Court for initial review of the complaint. The initial partial filing fee has been paid.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

    In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

1   Further, the factual allegations must state a plausible claim for relief, meaning that the
2   well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff Marcell Williams seeks damages and injunctive relief from Washoe County Deputies Collins, Lightner, and Conrad, in their individual and official capacities.

Count I states a claim for relief for alleged excessive use of force against plaintiff, whether under the Fourteenth Amendment (for a pretrial detainee) or the Eighth Amendment (for a convicted inmate) instead invoked by plaintiff.

Count II does not state a claim for relief as alleged. Plaintiff alleges that he was held in administrative segregation at the jail for 35 days allegedly in violation of his right to procedural due process under the Fourteenth Amendment. The complaint does not specify whether plaintiff was held as a pretrial detainee or instead as a convicted inmate. Merely because he was held in the local jail does not necessarily signify that he was one rather than the other. The distinction makes a difference in this context. For a convicted inmate, being held in administrative segregation for 35 days would not give rise to the deprivation of a protected liberty interest as a threshold requirement for a due process claim. *See Sandin v.*

*Conner*, 515 U.S. 472, 485-86 (1995).  Moreover, Count II does not contain any allegations of actual fact establishing that any of the named defendants, rather than unnamed others, committed alleged violations that caused him to remain in administrative segregation.  Given that the allegations do not permit the reviewing court to infer more than the mere possibility of misconduct, Count II fails to state a claim upon which relief may be granted.

The complaint further does not state a claim for relief based upon plaintiff having been subjected to alleged verbal assault.[1]  *E.g., Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987)(verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983).

The complaint also does not state a claim against any of the defendants in their official capacity.  Plaintiff may not pursue an official capacity claim against a local government officer absent factual allegations tending to establish that the constitutional violations occurred pursuant to an official policy, custom or practice of the municipality.  *See, e.g., Butler v. Elle*, 281 F.3d 1014, 1026 n.9 (9th Cir. 2002); *Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d 912, 925 (9th Cir. 2001).  The complaint does not contain any such allegations.  The complaint thus fails to state a claim against the defendants in their official capacity.

The Court will dismiss the deficient claims and provide plaintiff an opportunity to file an amended complaint correcting these deficiencies, to the extent possible.

IT THEREFORE IS ORDERED that the Clerk of Court shall file the complaint and that the following claims are DISMISSED without prejudice for failure to state a claim upon which relief may be granted: (a) Count II in its entirety; (b) all claims for verbal assault; and (c) all claims against all defendants in their official capacity only.

IT FURTHER IS ORDERED that plaintiff shall have **thirty (30) days** within which to mail an amended complaint to the Clerk for filing correcting the deficiencies in the original complaint, if possible.  If plaintiff does not timely mail an amended complaint correcting the

---

[1] Plaintiff in any event must present all of his operative factual allegations within the body of the counts of the complaint.  He may not allege additional claims in the "Nature of the Case" portion of the complaint form, which is intended only to provide an overview of the claims.

1  deficiencies in the original complaint, the action will proceed forward only on the remaining
2  claims against the defendants only in their individual capacities.
3      IT FURTHER IS ORDERED that plaintiff shall clearly title any amended complaint filed
4  as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights
5  Complaint" on page 1 in the caption and shall place the docket number,
6  **3:13-cv-00589-RCJ-VPC**, above the word "AMENDED" in the space for "Case No."  Under
7  Local Rule LR 15-1, any amended complaint filed must be complete in itself without reference
8  to prior filings.  Thus, any allegations, parties, or requests for relief from prior papers that are
9  not carried forward in the amended complaint no longer will be before the Court.
10     The Clerk shall SEND plaintiff with two copies of a blank § 1983 complaint form and
11 one copy of the instructions for same, along with a copy of the original complaint that he
12 submitted.
13     DATED:   April 28, 2014

                                ROBERT C. JONES
                                United States District Judge